# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| ENRIQUE FIDENCIO SOTO, | No. CV-09-0438-PHX-GMS |
| Plaintiff, | **ORDER** |
| vs. | |
| AMERICA'S SERVICING COMPANY; US BANK NATIONAL ASSOCIATION, as TRUSTEE FOR WACHOVIA LOAN TRUST SERIES 2006 AMN-1, | |
| Defendants. | |

Pending before the Court is the Motion to Dismiss of Defendants US Bank National Association and America's Servicing Company. (Dkt. # 13.) For the following reasons, the Court remands the case to the Arizona Superior Court.

On February 5, 2009, Plaintiff Enrique Soto filed a complaint in the Arizona Superior Court which asserted various state and federal claims. (Dkt. # 1 Pt. 2 at 4-11.) Specifically, Plaintiff alleged violations of the Truth in Lending Act ("TILA"), 15 U.S.C. § 1601 *et seq.*; (2) the Real Estate Settlement Procedures Act ("RESPA"), 12 U.S.C. § 2601 *et seq.*; (3) the Home Ownership Equity Protection Act ("HOEPA"), 15 U.S.C. § 1639 *et seq.*; and (4) the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq.* (Dkt. # 1 Pt. 2 at 6-10.) On March 4, 2009, Defendants removed the case, asserting that this Court has original federal question jurisdiction because the action "arises under the Federal Fair Debt Collection Practices Act." (Dkt. # 1 at 1.) After removal, Plaintiff filed a First Amended Complaint

("FAC"), in which he removed all previously pled federal claims.[1] (Dkt. # 11.) The FAC contains only two claims: (1) declaratory relief pursuant to Arizona's declaratory relief statute that involves matters of Arizona law; and (2) wrongful foreclosure under Arizona law. (*Id.* ¶¶ 29-43.)

Generally, the propriety of removal jurisdiction is determined at the time of removal, *Pullman Co. v. Jenkins*, 305 U.S. 534, 537 (1939), and "a federal court does have the power to hear claims that would not be independently removable even after the basis for removal jurisdiction is dropped from the proceedings," *Swett v. Schenk*, 792 F.2d 1447, 1450 (9th Cir. 1986). The Ninth Circuit has additionally held that a plaintiff cannot compel remand merely by amending their complaint to eliminate federal claims which provided the basis for removal. *Sparta Surgical Corp. v. Nat'l Ass'n of Sec. Dealers, Inc.*, 159 F.3d 1209, 1213 (9th Cir. 1998). However, federal courts have the discretion to remand remaining pendent state law claims when retaining jurisdiction would be inappropriate. *Harrell v. 20th Century Ins. Co.*, 934 F.2d 203, 205 (9th Cir. 1991); *see also Acri v. Varian Assocs., Inc.*, 114 F.3d 999, 1000 (9th Cir. 1997) ("[A] federal district court with power to hear state law claims has discretion to keep, or decline to keep, them under the conditions set out in § 1367(c).").

Title 28 U.S.C. § 1367(c) permits the district court to decline to exercise supplemental jurisdiction over a claim if all claims have been dismissed over which the court had original jurisdiction. The discretionary decision is informed by the values of "economy, convenience, fairness, and comity." *Acri*, 114 F.3d at 1001. The United States Supreme Court has held that "in the usual case in which all federal-law claims are eliminated before trial, the balance of factors . . . will point toward declining to exercise jurisdiction over the remaining state-law claims." *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 n.7 (1988); *see also Harrell*,

---

[1] In the FAC, Plaintiff states that he "[does] not dispute the jurisdiction of this Court . . . as the claims originally involved federal questions. Given the current posture of this case, Plaintiff believes the remaining actions to be based in state law . . . and to be properly resolved by the Superior Court. Nonetheless, should this Court choose to exercise supplemental jurisdiction, Plaintiff will not dispute this federal Court's choice to do so and fully submit to jurisdiction here." (Dkt. # 11 ¶ 26.)

1   934 F.2d at 205 (holding that in the usual case "it is generally preferable for a district court
2   to remand remaining pendent claims to state court").

In this case, the balance of factors counsel that the Court should decline to exercise jurisdiction over the remaining state law claims in the FAC. No judicial economy will be lost at this early stage in returning the case to state court, and it will certainly be as convenient and fair to the parties to litigate the state law claims in state court. Moreover, as several of the issues in this case may require interpretation of Arizona law, the Arizona courts are a preferable forum for obtaining an interpretation of that law. Therefore, the Court declines to exercise jurisdiction over Plaintiff's remaining claims.

Because the Court has declined jurisdiction over Plaintiff's state law claims, the Court declines to rule on Defendants' Motion to Dismiss.

**IT IS THEREFORE ORDERED** that Case No. CV-09-0438-PHX-GMS is **REMANDED** to the Superior Court of the State of Arizona.

DATED this 30th day of June, 2009.

_G. Murray Snow_
United States District Judge